UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
         Plaintiff, ) CASE NO.  MJ07-182
         v. )
JOHN E. MCDANIEL, ) DETENTION ORDER
         Defendant. )
_____ )

Offense charged:

    Count I:    Felon in Possession of a Firearm, in violation of Title 18, U.S.C., Sections 922(g)(1) and 924(a)(2).

Date of Detention Hearing:    April 13, 2007.

       The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet  will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Michael Dion. The defendant was represented by Peter Avenia.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)  The defendant presents a risk of non-appearance given his extensive history of failure to comply with court orders and instances of failures to appear.  Additionally, the Court finds that the nature of the instant offense points to the defendants continued disregard for compliance with court orders that place him on notice not to possess a firearm..

    (2)  The defendant presents a risk of danger to the community based on his

DETENTION ORDER
PAGE -1-

extensive criminal history, including but not limited to several convictions for violent offenses, multiple protection/no contact order violations, and two VUCSA convictions.

(3) The defendant appears to have significant community ties given the number of friends and family present at today's hearing; under usual circumstances this would provide the Court with additional assurances of the defendant's ability to comply with conditions of release.  However, this fact alone does not persuade the Court.  The instant offense, if true, is a particularly brazen act of non-compliance of the law and well-publicized security measures taken at present-day airports.  Yet, the defendant, a convicted felon, was willing to take an extreme risk when he attempted to send a firearm through checked luggage at an airport.  Release of the defendant, therefore, would pose a risk to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the  Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

DETENTION ORDER
PAGE -2-

proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of April, 2007.

/s/ M. J. Benton
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -3-